JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
FULLBEAUTY BRANDS OPERATIONS, LLC

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BROOMES, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>  v.<br><br>FULLBEAUTY BRANDS OPERATIONS, LLC,<br><br>    Defendant. | Case No. 4:24-CV-03558<br><br>Assigned to Honorable Rita F. Lin<br><br>**DEFENDANT FULLBEAUTY BRANDS OPERATIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  January 7, 2025<br>Time:  10:00 a.m.<br>Ctrm.:  15<br><br>Action Filed: June 13, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that on January 7, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Rita F. Lin of the above-titled Court, located at 450 Golden Gate Avenue, Courtroom 15, 15th Floor, San Francisco, California 94102, Defendant FullBeauty Brands Operations, LLC will and hereby does move this Court for an order dismissing the First Amended Complaint (FAC) filed by Plaintiff Amanda Broomes, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), with prejudice.

      Ms. Broomes asserts six causes of action, purportedly on behalf of a putative California class, for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (UCL); (2) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (FAL); (3) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq* (CLRA); (4) fraud; (5) unjust enrichment/quasi-contract; and (6) negligent misrepresentation.  The Motion is made on the grounds that Ms. Broomes fails to state a claim upon which relief can be granted for any of her claims, and the FAC should be dismissed in its entirety with prejudice.  In particular:

    1. All of Ms. Broomes's claims fail because she has not plausibly alleged that the reference prices listed on the Eloquii.com website are misleading, under either Federal Rule of Civil Procedure 8(a) or 9(b).

    2. Ms. Broomes fails to state a claim for fraud.

    3. Ms. Broomes fails to sufficiently allege her claims for equitable relief.

    4. Ms. Broomes fails to sufficiently allege her claims for punitive damages.

//

//

//

//

//

//

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

1    This Motion is based upon this Notice of Motion, the attached Memorandum of Points

2  and Authorities, and any other evidence or argument which the Court may consider.

3

4  DATED: November 1, 2024                          DAVIS WRIGHT TREMAINE LLP
                                                     JACOB M. HARPER
5                                                    HEATHER F. CANNER
                                                     JOSEPH ELIE-MEYERS
6

7
                                               By:   /s/ Jacob M. Harper
8                                                    Jacob M. Harper

9                                                    Attorneys for Defendant
                                                     FULLBEAUTY BRANDS OPERATIONS,
10                                                   LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

I.     INTRODUCTION ................................................................................................... 1

4

II.    FACTUAL ALLEGATIONS ................................................................................. 2

5

III.   LEGAL STANDARDS ........................................................................................ 3

6

IV.    MS. BROOMES'S FAILURE TO PLEAD NON-SPECULATIVE FACTS ABOUT
       DECEPTIVE PRICING COMPELS DISMISSAL ............................................. 4

7

8

       A.    Ms. Broomes Fails To Allege The Products She Purchased Were Not Previously
             Sold At Their Reference Prices. ........................................................................ 6

9

             1.    Failure to Allege Reference Prices (green in Chart 1). ........................ 6

10

             2.    Failure to Allege Pre-Purchase Discounts (orange in Chart 1). .......... 7

11

       B.    Ms. Broomes Fails to Allege The Reference Prices Do Not Reflect Prevailing
             Market Prices. .................................................................................................... 8

12

13

             1.    Failure to Allege Exclusive Sale on Eloquii.com (blue in Chart 1). ...... 9

             2.    No Sufficient Third-Party Pricing for Non-Exclusive Products Claim
                   (blue in Chart 1). ................................................................................ 10

14

15

       C.    Ms. Broomes's Remaining "Information and Belief" Claims Are Insufficient ... 11

16

V.     OTHER INDEPENDENT REASONS COMPEL DISMISSAL. .................................. 13

17

       A.    The Equitable Relief Claims Fail for Failure to Allege Lack of Remedy ............ 13

18

       B.    The Intentional Misrepresentation Claim Fails to Allege Intent. ...................... 14

19

       C.    The Punitive Damages Claim Fails. ................................................................. 14

20

VI.    ALL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE. ................................ 15

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS
Case No. 4:24-CV-03

i

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................... 4

*Becerra v. Dr Pepper/Seven Up, Inc.,*
    945 F.3d 1225 (9th Cir. 2019) ................................................................................. 4

*Evans v. Ariz. Cardinals Football Club, LLC,*
    231 F. Supp. 3d 342 (N.D. Cal. 2017) ................................................................. 15

*Haley v. Macy's, Inc.,*
    263 F. Supp. 3d 819 (N.D. Cal. 2017) ............................................................. 4, 10

*Harper Cosntr. Co. v. Nat'l Union Fire Ins. Co.,*
    2020 WL 1820124 (S.D. Cal. Apr. 10, 2020) ..................................................... 15

*In re Vioxx Class Cases,*
    180 Cal. App. 4th 116 (2009) ............................................................................... 14

*Lazo v. Bank of Am., N.A.,*
    2012 WL 1831577 (N.D. Cal. May 18, 2012) ..................................................... 14

*N. Am. Co. for Life & Health Ins. V. Xiaocui Zhang,*
    2019 WL 1060616 (C.D. Cal. Jan. 3, 2019) ........................................................ 15

*Nazemi v. Specialized Loan Serv'g, LLC,*
    637 F. Supp. 3d 856 (C.D. Cal. 2022) ................................................................. 14

*Purcelley v. Ekster Inc.,*
    2024 WL 2107710 (C.D. Cal. Apr. 4, 2024) ................................................ 4, 9, 11

*Rausch v. Flatout, Inc.,*
    660 F. Supp. 3d 855 (N.D. Cal. 2023) ................................................................. 15

*Salameh v. Tarsadia Hotel,*
    726 F. 3d 1124 (9th Cir. 2013) ............................................................................... 4

*Scheibe v. Performance Enhancing Supps., LLC,*
    2023 WL 3829694 (S.D. Cal. June 5, 2023) ....................................................... 13

*Schertzer v. Samsonite Co. Stores, LLC,*
    2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) ..................................................... 10

*Sonner v. Premier Nutrition Corp.,*
    971 F.3d 834 (9th Cir. 2020) ............................................................................... 13

*Sperling v. DSW Inc.,*
    2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) ......................................... 9, 10, 11

DEFENDANT'S MOTION TO DISMISS
Case No. 4:24-CV-03

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)**                                                                                      **Page(s)**

*Sperling v. DSW Inc.*,
   2016 WL 354319 (C.D. Cal. Jan. 28, 2016) ............................................................................ 11

*Sperling v. Stein Mart, Inc.*,
   291 F. Supp. 3d 1076 (C.D. Cal. 2018) ...................................................................... 9, 10, 14

*Vizcarra v. Michaels Stores, Inc.*,
   2024 WL 64747 (N.D. Cal. Jan. 5, 2024) ............................................................................ 11

**Statutes**

California Civil Code § 3294 ........................................................................................................ 15

California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq* ..................................... 3

California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ................................. 3

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* .............................. 3

**Rules**

Federal Rule of Civil Procedure 9(b) .................................................................................. 4, 10, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MOTION TO DISMISS
Case No. 4:24-CV-03

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I.    INTRODUCTION

Plaintiff Amanda Broomes brings this putative class action alleging that defendant FullBeauty Brands Operations LLC's retail clothing website, Eloquii.com, sold products based on deceptively inflated reference prices, when in fact its products were almost always sold at a discount.  Presenting a theory in search of facts, Ms. Broomes's first amended complaint (FAC) leans on speculation and scattershot allegations of prices and discounts spread across a period of nearly three years, most of which do not apply to the products Ms. Broomes says she actually purchased.  For each of the products Ms. Broomes claims to have purchased, the FAC fails to allege either (a) a supposedly false reference price; (b) that the product was offered on discount for a significant period of time prior to her purchase; or (c) that the product was not sold by third-party retailers at or near the reference price in the period prior to her purchase.

To fill the gaps, Ms. Broomes relies on unsupported statements made on information and belief.  But those amount to speculation and innuendo, not actual *factual* allegations, and cannot meet Rule 9(b)'s heightened pleading requirement.  With those non-specific allegations set aside, as required, the FAC includes almost no concrete facts showing deceptive pricing.  And because Ms. Broomes admits she "cannot know" the missing facts, dismissal with prejudice is warranted.

Multiple reasons independently compel dismissal:

***No Factual Allegations Specific to Her Purchases.***  Ms. Broomes fails to allege sufficient non-speculative facts supporting her basic theory—deceptive prior pricing—and her "information and belief" guesswork does not save her.  This pricing and purchase claim is missing its lynchpin: Ms. Broomes has no actual facts establishing the products she purchased were not sold at the reference price *prior* to her purchases.  While Ms. Broomes claims that some of those items were later on sale again, months and years *after* her purchases, these later sales dates cannot establish the products were deceptively labeled *at the time of purchase*—the sole benchmark for these claims of deception and reliance.  And while Ms. Broomes claims that Eloquii.com offered a series of "virtually sitewide" discounts in Summer 2021 and Winter 2024, she does not allege that those sales applied to the products she actually bought.  Stripped of speculation and generalities, *Ms. Broomes fails to plead a single instance of actual reliance and deception.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

***No Specific Market Price Allegations.***  Having failed to allege that FullBeauty's reference prices were deceptive under an "exclusive" products theory, Ms. Broomes also fails to allege liability under a "non-exclusive" products theory.  Once again, her scattershot and "information and belief" allegations do not show either that the products she purchased were exclusively sold on Eloquii.com *or* that the challenged reference prices did not reflect market prices at the time of sale.  This failure independently compels dismissal.

***Additional Grounds for Dismissal.***  Ms. Broomes's claims fail for other reasons as well, including failure to allege an inadequate remedy at law for equitable relief, failure to allege requisite intent for intentional misrepresentation claim, and failure to allege willful and malicious behavior for punitive damages.

The Complaint should be dismissed in full.  And because Ms. Broomes admits she *cannot* save her unsupported claims—because she "*cannot know*" facts regarding FullBeauty's former and regular prices—leave to amend should be denied.  FAC ¶ 46.

## II.    FACTUAL ALLEGATIONS

The FAC contains the following factual allegations: In Fall 2021 and Winter 2024, Ms. Broomes purchased 12 items from Eloquii.com.  FAC ¶¶ 32-41.  In sum and substance, Ms. Broomes asserts that Eloquii.com listed "reference" prices for these and other items which were false and misleading, either because they did not reflect the prices for which the items were previously sold on Eloquii.com or because they did not reflect prevailing market prices at the time.  FAC ¶¶ 4, 31.  Ms. Broomes claims she was "persuaded to make her purchases because of the misleading sale based on false reference prices."  *Id.* ¶ 45.

Specifically, Ms. Broomes alleges the following purchases: On September 6, 2021, she purchased a "Faux Leather Moto Jacket," which at the time showed a "former or regular price" of $149.99 and a sale price of $74.97 and was again on sale on Eloquii.com on May 28 and September 12, 2024.  *Id.* ¶¶ 32, 33.  Ms. Broomes bought other items from Eloquii.com on September 6, 2021; however, she does not allege deceptive "reference prices" for them.  *Id.* ¶ 34.

On October 21, 2021, Ms. Broomes purchased a "V-Neck Cami," listed at a "former or regular" price of $24.95 and a sale price of $8.58, and again offered on sale on May 28 and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

September 27, 2024. *Id.* ¶¶ 35, 36.  She purchased a "Printed Button Down Shirt with Ruffle Neck," listed at a $79.95 reference price and a $27.48 sale price, and again offered on sale on May 30 and September 12, 2024.  *Id.* ¶¶ 37, 38.  And she purchased a Viola Fit Distressed Boyfriend Jean, listed at a $99.95 reference price and a sale price of $34.36.  FAC ¶ 39.

Finally, on February 7, 2024, Ms. Broomes purchased a "Velvet Midi Dress With Cowl," with a "strikethrough reference price" of $89.95 and a sale price of $20.99, which was on sale again on May 29, 2024.  *Id.* ¶ 40.  Ms. Broomes also purchased the "Wide Leg Floor Length Trouser" at a sale price, but does not allege that it was listed for sale on other dates.  *Id.* ¶ 41.

Ms. Broomes alleges a number of other sales on Eloquii.com offering "sitewide, or nearly sitewide" discounts were held between July through October 2021 and between January and April 2024.  FAC ¶¶ 17-19.  She does not allege that these sales applied to the items she purchased.

Ms. Broomes also alleges additional facts based "on information and belief," including that FullBeauty "determines, controls, supplies, and/or participates in setting the regular and/or sale prices charged for Eloquii items on several third-party websites," FAC ¶ 28; that FullBeauty "rarely, if ever, lists or sells items at the reference price," *id.* ¶ 44; and that, for "at least the 90-day period prior to Ms. Broomes's purchases, and months and years more, Defendant very rarely, if ever, offered any of the discounted items sold on its website at the reference prices."  *Id.* ¶ 44.

Based on the foregoing, Ms. Broomes asserts six claims, on behalf of herself and a California class: (1) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), FAC ¶¶ 76-97; (2) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"), *id.* ¶¶ 98-110; (3) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq* ("CLRA"), *id.* ¶¶ 111–20; (4) fraud, *id.* ¶¶ 121-31; (5) unjust enrichment/quasi-contract, *id.* ¶¶ 132-141; and (6) negligent misrepresentation, *id.* ¶¶ 142-52.  Ms. Broomes seeks restitution, an injunction, monetary, nominal, punitive, and statutory damages, and attorneys' fees and expenses.  FAC at Prayer.

FullBeauty now respectfully moves to dismiss the FAC without leave to amend.

### III.    LEGAL STANDARDS

***Plausibility.***  To survive a motion to dismiss, "the plaintiff [must] plead factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court need not accept as true "bare assertions" or conclusions of law.  *Id.* at 680–81.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id.; see also Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019) (affirming dismissal for failure to plausibly allege consumer deception).

**Rule 9(b).**  Deceptive pricing scheme allegations sound in fraud, and Rule 9(b)'s heightened pleading standard applies.  *Purcelley v. Ekster Inc.*, 2024 WL 2107710, at *4 (C.D. Cal. Apr. 4, 2024).  Thus, the "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013).  "[A]llegations of fraud based on 'information and belief' do not satisfy the particularity requirements of Rule 9(b)." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017).

## IV.    FAILURE TO PLEAD NON-SPECULATIVE FACTS ABOUT DECEPTIVE PRICING COMPELS DISMISSAL.

Ms. Broomes fails to allege that any of the products she actually purchased included deceptive reference prices, requiring dismissal of the FAC in full.

Ms. Broomes must, but cannot, establish deceptive pricing caused her purchases.  "[A] class action, when filed, includes only the claims of the named plaintiff." *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021).  Courts determine "at the outset" whether "the named plaintiffs can state claims for relief before deciding whether or not they can represent a class." *Evans v. Arizona Cardinals Football Club*, LLC, 252 F. Supp. 3d 855, 857–58 (N.D. Cal. 2017).  Plaintiffs cannot "shore up their *own* claims for relief … by piling on allegations as to *other* putative class members." *Id.* at 857.  *See also Kamath v. Robert Bosch LLC*, 2014 WL 2916570, at *5 n.4 (C.D. Cal. June 26, 2014) (at the motion to dismiss stage, "the Court only considers allegations pertaining to the named plaintiff because a putative class action cannot proceed unless the named plaintiff can state a claim for relief as to himself.").

Here, Ms. Broomes does not "identify any particular false or misleading representations

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that [she] read and relied upon." *Debono v. Cerebral Inc.*, 2023 WL 300141, at *1 (N.D. Cal. Jan. 18, 2023) (dismissing deceptive advertising claims where named plaintiffs did not allege they were individually deceived).  While Ms. Broomes alleges she purchased products on Eloquii.com in Fall 2021 and Winter 2024, her allegations for each of these products is deficient:  The FAC fails even to allege the original "reference" price she claims is deceptive for half of her purchases. For her remaining purchases, Ms. Broomes fails to allege facts showing the products were not actually sold at the stated reference price for a substantial time prior to her purchase.  Further, the FAC fails to adequately allege that the products Ms. Broomes purchased were sold exclusively on Eloquii.com *or* that the reference prices did not reflect market prices at the time of her purchases.

The deficiencies of Ms. Broomes's allegations as to each of her purchases is demonstrated below, in **Summary Chart 1**, which notes purchases are insufficient because they lack factual allegations of a reference price (below, Sec. A1, and Chart 1 in green); a pre-purchase discount price (Sec. A2, orange); an exclusive sale (Sec. B.1, red); or third party pricing (Sec. B1, blue)**.**

**Chart 1: FAC Allegations Regarding Ms. Broomes's Purchases**

| Product Purchased on Eloquii.com | Date of Purchase | Reference Price | Discount Dates | Exclusive Sale on Eloquii | Third Party Prices |
|---|---|---|---|---|---|
| Moto Jacket, FAC ¶ 32 | 9/6/21 | $149.95 | 5/28/24; 9/12/24 | None | None |
| Regular Fit Kady Pant, FAC ¶ 34 | 9/6/21 | None | None | Yes | None |
| Tie Back Dress, FAC ¶ 34 | 9/6/21 | None | None | Yes | None |
| Trimmed Midi Dress, FAC ¶ 34 | 9/6/21 | None | None | Yes | None |
| Stripe Tiered Day Dress, FAC ¶ 34 | 9/6/21 | None | None | Yes | None |
| Cutout Tie Detail Dress, FAC ¶ 34 | 9/6/21 | None | None | Yes | None |
| Trench Wrap Dress, FAC ¶ 34 | 9/6/21 | None | None | Yes | None |
| V-Neck Cami, FAC ¶ 35-36 | 10/21/21 | $ 24.95 | 5/28/2024; 9/27/24 | None | None |
| Printed Button Down, FAC ¶ 37-38 | 10/21/21 | $ 79.95 | 5/30/24; 9/12/24 | None | 9/12/2024 |
| Boyfriend Jean, FAC ¶ 39 | 10/21/21 | $ 99.95 | None | Yes | None |
| Velvet Midi Dress, FAC ¶ 40 | 2/7/24 | $ 89.95 | 5/29/2024 | None | 9/12/2024 |
| Floor Length Trouser, FAC ¶ 41 | 2/7/24 | $ 99.95 | 3/1/2024 | Yes | None |

The FAC therefore cannot allege that the reference prices are deceptive, and its broad "information and belief" allegations cannot make up for these deficiencies.  Courts consistently

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

**Davis Wright Tremaine LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

dismiss deceptive pricing class actions like this one, where the plaintiff fails to show the products she purchased were not sold at the reference price for a significant period immediately preceding her purchase.  *See Debono,* 2023 WL 300141, at *1; *Haley*, 263 F. Supp. 3d at 823 (dismissing deceptive pricing claims lacking allegations that defendants did not sell products at the original or regular price); *Schertzer v. Samsonite Co. Stores, LLC*, 2020 WL 4281990, at *5 (S.D. Cal. Feb. 25, 2020) (dismissing complaint lacking allegations that product was not sold at the reference price in the three months before purchase); *Rael v. N.Y. & Co.*, 2016 WL 7655247, at *6 (S.D. Cal. Dec. 28, 2016) (same).  This Court should do the same.

**A.**      **Ms. Broomes Fails To Allege The Products She Purchased Were Not Previously Sold At Their Reference Prices.**

Each of Ms. Broomes's claims hinges on her assertion that she interpreted the reference prices on the products she purchased as meaning they "had been offered for sale *on the website* at the stated reference prices in the recent past, on a regular basis and for a substantial time."  FAC ¶ 42.  While she contends this was false, she fails to allege facts showing the products she purchased were not actually sold at the stated reference price for a substantial time, prior to her purchase. For many of the products, Ms. Broomes fails even to allege the supposedly-deceptive "reference prices," and admits she cannot do so.  The remaining purchases are supported only by allegations of sale prices from long after Ms. Broomes purchased the challenged product.  And while Ms. Broomes alleges a series of "sitewide or nearly-sitewide" discounts in Summer 2021 and Winter 2024, she does not allege that these sales applied to the products she purchased.

**1.**      **Failure to Allege Reference Prices (green in Chart 1).**

First, Ms. Broomes cannot base any of her claims on products for which she has not alleged a reference price.  As summarized above in Chart 1, Ms. Broomes claims that on September 6, 2021, she purchased six items for which she has not alleged, and is "unable to identify," a purportedly deceptive reference price.  *See*  FAC ¶ 34 and Chart 1 (green sections).[1]

---

[1] While the FAC states that $44.99 was the "(reference price)" for the Trench Tyle Wrap Dress, this appears to represent a sale price, not the reference price, as Ms. Broomes alleges that she was not "able to identify the reference prices on the Wayback Machine" for that item, and alleges that the final price of $18.00 was reduced from the "already reduced" price of $44.99.  FAC ¶ 34.

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

She therefore fails to allege any allegedly deceptive statement on which a claim could be based. This is foundational: Rule 9(b) requires that the FAC specify what statements Ms. Broomes relied on to give FullBeauty "the opportunity to respond to the alleged misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  Without allegations of the reference prices she purportedly relied on, Ms. Broomes cannot state a claim that those prices were deceptive or misleading. *See Haley*, 263 F. Supp. 3 at 823 (dismissing claims where plaintiff failed provide detail about specific purchases, including purportedly deceptive reference prices).  The Court should disregard these purchases, as none of them can support a claim for deceptive pricing.

## 2. Failure to Allege Pre-Purchase Discounts (orange in Chart 1).

Ms. Broomes also cannot state a claim based on the remaining purchases for which she does allege reference prices, because she does not allege that any of these items were on sale for a significant period of time prior to the date of her purchase, as she is required to do at the pleading stage.  *See* FAC ¶¶ 18-19, 32, 36-49, 40-41; Chart 1 (orange).  In fact, Ms. Broomes does not allege *any* dates on which the items she allegedly purchased were on sale prior to the date she purchased them.  Instead, Ms. Broomes relies on (a) sales offered *after* the dates she purchased the disputed items and (b) a selection of purportedly "sitewide or near-sitewide" sales that she does not allege applied to the goods she purchased.  *Id.*  Neither are sufficient.

**First**, Ms. Broomes's allegations about sales held long *after* her purchases do not state a claim.  *See* FAC ¶¶ 18, 32, 36-38, 40; Chart 1.  The FAC alleges only that those products were on sale again in May and September 2024, nearly three *years* after her 2021 purchases, and months after her February 2024 purchases.[2]  FAC ¶¶ 32, 36-38, 40.  Post-purchase discounts do not show deceptive pricing at the time of purchase.  The central inquiry in deceptive pricing claims is whether the item purchased was *formerly* sold at the listed reference price.  *See Carvalho v. HP, Inc.*, 2022 WL 2290595, at *5  (N.D. Cal. June 24, 2022) (FAL "governs a specific type of advertising conduct: former prices"); *Schertzer*, 2020 WL 4281990, at *5 (dismissing UCL, FAL, and CLRA claims where plaintiff alleged "without any supporting facts, her belief that the product

---

[2] For the Wide Leg Floor Length Trouser, Ms. Broomes does not allege any other discount dates at all, other than the date of her purchase.  *Id.* ¶ 41.

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

she purchased had not been offered at the 'retail' price in the 90 days preceding her purchase."). This is common sense: a retailer's post-purchase advertisements cannot retroactively make deceptive its earlier statements connected to a prior sale.  For the same reason, these allegations do not establish those items were offered primarily or exclusively for sale prior to the date she purchased them, as Ms. Broomes alleges in conclusory fashion.  *See* FAC ¶¶ 33, 36, 38, 40.

**Second**, Ms. Broomes's allegations of "sitewide or near-sitewide" discounts on Eloquii.com also fail to support her claims.  Ms. Broomes does not allege that any of these sales applied to any of the items she purchased, and it far from clear from the face of the pleadings that they did.  In fact, almost every "sitewide or virtually sitewide" discount alleged by Ms. Broomes contains an asterisk, whose limiting terms and conditions are not alleged in the FAC.  *See* FAC ¶¶ 18, 19.  That does not satisfy Rule 9(b)'s requirements that Ms. Broomes specifically identify the deceptive statements she relied on and "explain how such materials were false or misleading." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013) (dismissing complaint where plaintiff failed to allege "why the statements are false or misleading"); *Schertzer*, 2020 WL 4281990, at *5 (dismissing complaint lacking allegations that product was not sold at the reference price in the three months before purchase); *Rael*, 2016 WL 7655247, at *6 (same); *Haley*, 263 F. Supp. 3d at 823 (same).  Indeed, they do not even satisfy Rule 8: Ms. Broomes has not plausibly alleged these "near-sitewide" sales apply to products she purchased, so at most establishes a "possibility" of liability, not its plausibility, as required by Rule 8.  *See Iqbal*, 556 U.S. at 678.  In telling contrast, in *Fisher v. Eddie Bauer LLC*, plaintiff's allegations that counsel "catalogued" product prices and found the products "remained advertised as discounted for at least 90 days immediately preceding the purchase" supported plaintiffs' claim "ever so slightly." 2019 WL 9467922, at *7 (S.D. Cal. Oct. 18, 2019).  Ms. Broomes's allegations do not come close to those in *Fisher*.

**B.**    **Ms. Broomes Fails to Allege The Reference Prices Do Not Reflect Prevailing Market Prices.**

Ms. Broomes's claims also fail because she does not adequately allege that FullBeauty is the exclusive retailer of its products (it is not) or that the reference prices of the products she purchased did not reflect prevailing market prices.  This independently compels dismissal, as

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

explained *infra* in Sections B.1 (red in Chart 1, *supra*, lack of exclusive sale allegations) and B.2 (blue in Chart 1, *supra*, lack of third-party pricing allegations).

Ninth Circuit courts distinguish between "exclusive" and "non-exclusive" products cases. *See Carvalho*, 2022 WL 2290595, at *4; *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018) (collecting cases). Exclusive cases require allegations that (1) the defendant is the exclusive retailer of a product and (2) the reference price does not reflect a former price at which the defendant-retailer ever sold the product. *See id.* Non-exclusive cases, by contrast, are those where multiple retailers offer the product for sale, and require plaintiff to allege facts showing how defendant's reference prices "are inflated or why they do not accurately reflect *prevailing market prices*," as opposed to defendant's own former prices. *Purcelley*, 2024 WL 2107710, at *4 (emphasis added); *Sperling v. DSW Inc.*, 2015 WL 13309476, at *9 (C.D. Cal. Nov. 19, 2015) ("*DSW I*"). Where a complaint does not adequately allege the defendant was an "exclusive retailer," then plaintiffs are required to also plead that the reference price is deceptive under a non-exclusive retailer theory of liability. *Purcelley*, 2024 WL 2107710, at *5. Otherwise, it is "only *possible* that the Reference Price is misleading" because "[t]he other possibility . . . is that the Reference Price is not misleading at all but rather an accurate reflection of what third-party sellers charge for the same or similar goods." *Id.*

Ms. Broomes was thus required to either (1) adequately allege the products she purchased were exclusively sold at Eloquii.com or (2) allege the reference prices of those products were not prevailing market prices. Because she has done neither, dismissal is required.

### 1.      Failure to Allege Exclusive Sale on Eloquii.com (red in Chart 1).

As a threshold matter, Ms. Broomes fails adequately to allege any of the products she purchased were exclusively sold on Eloquii.com. *See Purcelley*, 2024 WL 2107710, at *5.

Settling aside those products lacking reference price allegations (FAC ¶ 34), the FAC alleges that only two items were sold exclusively on Eloquii.com. FAC ¶¶ 39, 41; Chart 1 (red). But these allegations are conclusory. Ms. Broomes asserts these products "appear[] to be sold exclusively at Eloquii," *id.*, which is insufficient under Rule 9(b): Ms. Broomes does not allege *when* it "appear[ed]" that the products were sold exclusively at Eloquii; whether they were sold

exclusively on Eloquii.com at the time of her purchase; or any concrete facts supporting her conclusion.  Information-and-belief pleading cannot satisfy Rule 9(b), particularly when it is not supported by facts or by allegations detailing the nature of the investigation.  *See Haley*, 263 F. Supp at 824; *Schertzer*, 2020 WL 4281990, at *4; *Sperling v. DSW, Inc.*, 2016 WL 354319, at *7 (C.D. Cal. Jan. 28, 2016) ("*DSW II*").

Ms. Broomes remaining allegations of exclusivity are overbroad and fail for multiple reasons.  She alleges that in September 2024 – months and years after her alleged purchases – no single major retailer offered *all* of Eloquii's current catalog for sale.  FAC ¶ 30.  But this does not establish that the specific products Ms. Broomes purchased were sold exclusively on Eloquii.com; does not establish that all of Eloquii's products were not sold by at least one of the many third-party retailers selling Eloquii products; and concedes that at least two retailers offered more than half the number of currently available Eloquii products, making it at most "only *possible* that the Reference Price is misleading."  *Purcelley*, 2024 WL 2107710, at *5.  Ms. Broomes also alleges that certain retailers state that Eloquii products are "sold and shipped by FullBeauty Brands," "shipped by FullBeauty Brands" or that FullBeauty Brands is a "marketplace seller."  FAC ¶ 28. Again, these allegations are inadequate: Ms. Broomes does not allege that these statements applied to the products she purchased and does not explain how such third-party assertions support the conclusion that FullBeauty controls the pricing of third-party retailers.

### 2.    No Sufficient Third-Party Pricing for Non-Exclusive Products Claim (blue in Chart 1).

Having failed to allege this is an exclusive products case, Ms. Broomes also does not allege liability under the "non-exclusive" products test, demonstrated in Chart 1 (blue).  In non-exclusive products cases "other retailers offer the same product for sale, [and] there are legitimate prices to which to compare the defendant's comparative reference price," so courts "tend to reject claims unless the plaintiffs establish that the comparative reference price is misleading."  *Stein Mart*, 291 F. Supp. at 1081; *see also DSW I*, 2015 WL 13309476, at *8–9 (dismissing where plaintiff did not provide allegations about comparative market prices); *Haley*, 263 F. Supp. 3d at 824.  Ms. Broomes was thus required to allege specific facts showing the challenged reference

prices "do not represent the prevailing market prices for Defendant's products." *DSW I*, 2015 WL 13309476, at *8; *see also Carvalho, Inc.*, 2022 WL 2290595, at *4 (dismissing where complaint did not allege "why" strikethrough prices "do not accurately reflect prevailing market prices.").

She has not done so.  Ms. Broomes provides no specific allegations showing the reference prices did not represent prevailing market prices for the products she purchased at the time she purchased.  Instead, she alleges several products she purchased were sold by third-party retailers months or years *after* her own purchases, at prices below the reference price.  *See* FAC ¶¶ 37, 38, 40; Chart 1 (blue).  That does not establish prevailing market prices at the time of purchase.  For the same reason, prices offered by third-party retailers long after Ms. Broomes's own purchases cannot establish liability based on general economic principles that prices tend to "converge on the market price," since they say nothing about market prices at the time of purchase.  FAC ¶ 25.

As for the remaining products she purchased, Ms. Broomes relies on conclusory allegations, including that FullBeauty's "advertised reference prices are higher than the prevailing market prices for the identical products," and that FullBeauty does not "independently verify" market prices.  FAC ¶¶ 25, 31.  Again,  does not satisfy Rule 9(b), especially absent meaningful details of her investigation.  *See DSW II*, 2016 WL 354319, at *7 (dismissing claims where plaintiff failed to allege comparative reference prices were deceptive and provided "no details at all" regarding her investigation); *Purcelley*, 2024 WL 2107710, at *5 (dismissing where plaintiff did not allege a "reasonable investigation" of third-party sellers); *Fisher*, 2019 WL 9467922, at *5–6 (same).[3]  Her allegations fail under this standard too.

**C.     Ms. Broomes's Remaining "Information and Belief" Claims Are Insufficient.**

Lacking specific facts about the items she purchased, Ms. Broomes attempts to shore up the holes in her FAC with allegations that are either conclusory or made on information and belief.

---

[3] While some courts have reached a different outcome, they have done so only after drawing improper inferences in plaintiff's favor or disregarding Rule 9(b)'s heightened pleading standard. *See Vizcarra v. Michaels Stores, Inc.*, 2024 WL 64747, at *5 (N.D. Cal. Jan. 5, 2024) ("infer[ring]" that defendant would "not continually sell products for prices at least 20% less than the market rates at which those products are offered elsewhere"); *Knapp v. Art.com, Inc.*, 2016 WL 3268995, at *5 (N.D. Cal. June 15, 2016) (holding that plaintiff was not required to identify prices charged by other retailers where *defendant* provided no basis for inference that it sold its products at significant discount from market prices).

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

These allegations should be disregarded.  Without them, her allegations do not satisfy Rule 9(b).

Ninth Circuit courts consistently hold that allegations made on "information and belief" "do not satisfy the particularity requirements of Rule 9(b)" in deceptive pricing cases.  *Haley*, 263 F. Supp at 824; s*ee also Schertzer*, 2020 WL 4281990, at *4.  Similarly, courts disregard conclusory allegations as to a defendant's pricing practices when they are not based on specific allegations that defendants "never" sell their products at the full or original price.  *See Seegert,* 2018 WL 3472561, at *3 (disregarding as conclusory allegations that investigation by counsel "confirmed" that defendant never sold its products at the reference prices, even where counsel investigated five different retail stores operated by defendant); *Fisher*, 2019 WL 9467922, at *5–6 (assertions that defendant put false reference prices on "almost all" of its merchandise "are conclusory allegations, not facts," and so disregarded them); *Purcelley*, 2013 WL 2107710, at *5 ("the Court cannot infer that the advertised price is misleading solely from the allegation that 'Defendant rarely, if ever, sells its items at the Reference Price.'").

Here, Ms. Broomes's "information and belief" allegations merely highlight the essential elements of her claims that are unsupported by factual allegations.  As described above, conclusory statements that FullBeauty "rarely, if ever, lists or sells items at the reference price," FAC ¶ 44; that the challenged reference prices are "higher than the prevailing market prices for the identical products," *id.* ¶ 25; and that, for "at least the 90-day period prior to Ms. Broomes's purchases, and months and years more, Defendant very rarely, if ever, offered any of the discounted items sold on its website at the reference prices," *id.* ¶ 44; are all unsupported by the limited facts Ms. Broomes does allege.  They should be disregarded.

Providing no details of her investigation, Ms. Broomes also admits she "**cannot know** whether Defendant's former and regular prices represent honest prices at which the products were listed for sale on the website, on a regular basis for a reasonably substantial period of time."  FAC ¶ 46 (emphasis added).  That further undermines her "information and belief" allegations, confirming they are baseless and should be set aside.  In *Haley*, the District Court did exactly that, setting aside information and belief allegations of deceptive pricing when the plaintiff alleged "they 'have no realistic way to know' whether that is true."  263 F. Supp. 3d at 824.

Once the Court strips away Ms. Broomes's information-and-belief allegations, little remains beyond two sale periods, which are separated by over two years and which Ms. Broomes's does not allege applied to the goods she purchased.  That is not sufficient to allege an ongoing pattern of deceptive pricing or that FullBeauty "rarely, if ever, lists or sells items at the reference price," FAC ¶ 55, or that the reference prices did not reflect prevailing market prices at the time of purchase.  *See Haley*, 263 F. Supp. 3d at 823 (dismissing complaint that did not allege either plaintiff's purchases or "*all* of Defendant's products" were misleadingly priced).

## V.      OTHER INDEPENDENT REASONS COMPEL DISMISSAL.

Ms. Broomes's claims also independently fail for other claim-specific reasons.

### A.      The Equitable Relief Claims Fail for Failure to Allege Lack of Remedy.

Ms. Broomes fails to allege facts sufficient to state a claim for equitable relief, which is fatal to her UCL, FAL, and unjust enrichment claims, as well as other claims for equitable relief.

"For a district court to have equitable jurisdiction, the plaintiff must have no adequate legal remedy."  *Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663, at *1 (N.D. Cal. Mar. 28, 2024) (Lin, J.).  A plaintiff therefore "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  At the pleadings stage, "plaintiff must, at a minimum, plead that he lacks adequate remedies at law if he seeks equitable relief."  *Scheibe v. Performance Enhancing Supps., LLC*, 2023 WL 3829694, at *5 (S.D. Cal. June 5, 2023) (dismissing on this basis).  Thus, where, as here, a plaintiff "seeks the same sum in equitable restitution" as "requested in damages" for the same harm, without any other explanation for how those damages are "inadequate" or "incomplete," dismissal is appropriate.  *See Sonner*, 971 F.3d at 844 (affirming dismissal for claims of equitable restitution under the UCL and CLRA); *Phillips*, 2024 WL 2830663, at *1-2.

Ms. Broomes's claims suffer this very defect.  She seeks "compensatory damages" on the basis that she "would not have paid as much for the items as [she] did" and "received a product worth less than the price paid."  FAC ¶¶ 45, 54, 85, 118, 128.  She seeks equitable restitutionary disgorgement for the same amounts under the UCL and FAL, and for her unjust enrichment claim.

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   *See id.* ¶¶ 96, 110, 141.  Ms. Broomes fails to plausibly state that her claimed compensatory

2   damages are "inadequate" or "incomplete," and therefore fails to sufficiently allege her claims for

3   equitable relief.  Because only equitable relief is available for her UCL, FAL, and unjust

4   enrichment claims, this warrants dismissal of those claims in their entirety.  *See In re Vioxx Class*

5   *Cases*, 180 Cal. App. 4th 116, 130 (2009) ("remedies available" under UCL and FAL are "limited

6   to" equitable remedies); *Phillips*,  2024 WL 2830663, at *1-2 (same, dismissing claims).

7         **B.**      **The Intentional Misrepresentation Claim Fails to Allege Intent.**

8         Ms. Broomes's fraud (intentional misrepresentation and omission) claim fails for the

9   additional reason that she fails to allege the requisite fraudulent intent.  "[T]o plead a claim for

10  intentional misrepresentation under California law, a plaintiff must plead (1) misrepresentation,

11  (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and

12  (5) resulting damage." *Nazemi v. Specialized Loan Serv'g, LLC*, 637 F. Supp. 3d 856, 861 (C.D.

13  Cal. 2022).  A plaintiff thus must allege "specific facts to suggest" the plaintiff has the requisite

14  "scienter." *Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. May 18, 2012).

15  Where a plaintiff alleges only "conclusory" allegations of knowledge—i.e., the defendant

16  "knowingly made a false representation"—the claim is subject to dismissal.  *Id.*; *accord Tae Hee*

17  *Lee*, 992 F. Supp. 2d at 977 (dismissing fraud claim lacking allegations that misrepresentations

18  were made with knowledge of their falsity or intent to defraud Plaintiffs).

19        Ms. Broomes's allegations of knowledge are merely conclusory.  She alleges that

20  FullBeauty "knew that its representations were false when made," and knew "the items Plaintiff

21  and the Class purchased had rarely, if ever, been offered or sold on the website at the substantially

22  higher reference price in the recent past."  FAC ¶ 125.  Once again, these conclusory allegations

23  are insufficient.  Further, since Ms. Broomes has not properly alleged the reference prices were

24  false or misleading, she therefore also "cannot plausibly plead Defendant had knowledge of the

25  falsity or misleading nature of the statement." *Stein Mart, Inc.*, 2016 WL 8925347, at *10.

26        **C.**      **The Punitive Damages Claim Fails.**

27        Ms. Broomes also fails to sufficiently allege her claim for punitive damages.  "[W]hen

28  punitive damages are sought against a corporation based on the acts of its employees, the plaintiff

DEFENDANT'S MOTION TO DISMISS FAC
Case No. 4:24-CV-03558

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

must show the corporation's advance knowledge or ratification of the conduct." *N. Am. Co. for Life & Health Ins. V. Xiaocui Zhang*, 2019 WL 1060616, at \*3 (C.D. Cal. Jan. 3, 2019) (citing Cal. Civ. Code § 3294).  Thus, "[a] request for punitive damages against a corporation must include allegations relating to the corporation's officers, directors, or managing agents. … [A] company simply cannot commit willful and malicious conduct—only an individual can." *Harper Cosntr. Co. v. Nat'l Union Fire Ins.*, 2020 WL 1820124, at \*7 (S.D. Cal. Apr. 10, 2020).  Where a plaintiff alleges only the conclusory statement that a defendant's conduct was "willful and malicious," the claim for punitive damages will not survive a motion to dismiss. *Rausch v. Flatout, Inc.*, 660 F. Supp. 3d 855, 862–63 (N.D. Cal. 2023) (dismissing punitive damages claim in consumer mislabeling action); *see also Harper*, 2020 WL 1820124, at \*7 (granting defendant's motion for judgment on the pleadings as to punitive damages).

Ms. Broomes asserts a claim for punitive damages, FAC ¶¶ 120, 131 and at Prayer, but does not support it with sufficient allegations (nor can she).  Her single conclusory allegation that FullBeauty "intended to and did deceive and injure Plaintiff and the Class" (*id.* ¶ 141) falls short and cannot support her claim for punitive damages, and the Court should dismiss it.

## VI.     ALL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

The claims should be dismissed without leave to amend.  Ms. Broomes has already had the opportunity to amend with the benefit of FullBeauty's motion to dismiss the first Complaint.  Despite her ample time to investigate, she still contends she "cannot know" whether the challenged prices were deceptive.  FAC ¶ 46.  Further amendment is therefore futile, and the Court should deny leave to amend.  *See Evans v. Ariz. Cardinals Football Club, LLC*, 231 F. Supp. 3d 342, 357 (N.D. Cal. 2017), *aff'd,* 761 Fed. Appx. 701 (9th Cir. 2019) (denying leave to amend as futile, where plaintiff "already had ample opportunity to investigate and plead a timely claim").

DATED: November 1, 2024                    DAVIS WRIGHT TREMAINE LLP


                                           By:  */s/ Jacob M. Harper*
                                           Attorney for Defendant FullBeauty Brands
                                           Operations, LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899