UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMANDA BROOMES,

Plaintiff,

v.

FULLBEAUTY BRANDS OPERATIONS,
LLC,

Defendant.

Case No.  24-cv-03558-RFL

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS**

Re: Dkt. No. 32

In this putative class action, Amanda Broomes alleges that FullBeauty Brands
Operations, LLC, through its website Eloquii.com, deceptively advertises site-wide, time-limited
discounts for its products, when in reality the products on Eloquii.com are (i) always on sale for
less than the purported former "strikethrough" price, and (ii) the prevailing market price for the
items is less than the strikethrough price.  FullBeauty Brands moves to dismiss the complaint for
failure to state a claim under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). The
motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  This order assumes the
reader is familiar with the facts of the case, the applicable legal standards, and the arguments
made by the parties.

I.    **DECEPTIVE PRICING**

FullBeauty Brands argues that Broomes's claims under the UCL, FAL, and CLRA must
be dismissed because Broomes has failed adequately to allege that FullBeauty Brands' pricing is
misleading under Rule 9(b)'s heightened pleading standards.  Each of these statutory claims is
"governed by the 'reasonable consumer' test," under which plaintiffs must show that members of

the public are likely to be deceived.[1]  *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citations omitted).  UCL, FAL, and CLRA claims involving similar allegations commonly rise and fall together at the motion to dismiss stage.  *See, e.g.*, *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 730 (N.D. Cal. 2024).  Here, Broomes has adequately alleged deceptive pricing under the UCL, FAL, and CLRA under both a former price theory and a prevailing market price theory.

*Former Price.*  Broomes alleges that FullBeauty Brands engaged in a scheme of listing all or nearly all the items on Eloquii.com as perpetually "on sale" and listing higher strikethrough prices that did not accurately represent the former price at which the items had previously been sold on the website.  (FAC ¶¶ 15-16.)  Rather than allege historic pricing for individual items, Broomes's Complaint includes dozens of screenshots of banners from Eloquii.com, over two approximately four-month periods, which advertise sales of a "__% off everything" or a "__% off of your entire purchase," where the percentage varies from 30% to 50% off.  (FAC ¶ 18-19.)  Broomes alleges that the sales banners and strikethrough prices would mislead a reasonable consumer into believing (incorrectly) that they were purchasing an item at a discount from the price at which it had formerly been sold. (FAC ¶¶ 80-83.)  Broomes's own purchases were made during the periods of times for which she has provided the sale banners, and she alleges that the items she purchased were listed with a sales price (the price she paid) and a strikethrough price. (FAC ¶¶ 32-41.)

FullBeauty Brands argues that Broomes has not alleged with sufficient specificity that the items she purchased were never sold at the strikethrough price, and therefore has failed to allege that the strikethrough prices were deceptive.  MTD at 4-6.  It notes most banners include an asterisk which is not defined.  *Id.* at 8.  Therefore, FullBeauty Brands argues, it is possible that

---

[1] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The FAL under Section 17500 prohibits knowingly or negligently making "untrue or misleading" statements in connection with the intentional sale of goods or services.  Cal. Bus. & Prof. Code § 17500.  The CLRA prohibits a range of "unfair methods of competition and unfair or deceptive acts or practices."  Cal. Civ. Code § 1770.

the items Broomes purchased were previously exempted from the site-wide sale and sold at full price.  MTD at 4-5.

While FullBeauty Brands argument may bear fruit at a later stage, at this stage Broomes has adequately pled that she was subjected to a deceptive pricing scheme.  The presence of an undefined asterisk on the site-wide sales banners does not make it reasonably inferable that all of the items Broomes purchased on sale—which include outerwear, dresses, pants, and shirts—just so happened to be regularly exempted from the sales on "everything" that Broomes has identified.  Viewed in the light most favorable to Broomes, it is much more reasonable to infer that some, if not all, of the items Broomes purchased were consistently covered by the site-wide sale.  *See Real v. Y.M.I. Jeanswear, Inc.*, No. 17-cv-0870, 2017 WL 11675686, at *5 (C.D. Cal. Sept. 1, 2017) ("while the investigation[] does not prove Plaintiffs' claims, it plausibly suggests the relevant items on Defendants' website were not offered at the stated former prices").

*Prevailing market price.*  Broomes has also adequately pled that the strikethrough prices listed on Eloquii.com are deceptive because they falsely purport to represent the prevailing market price of the items.  (FAC ¶ 24.)  In support of this alternate theory, Broomes alleges that two items listed for sale on Eloquii.com on September 23, 2024, were contemporaneously offered on four third-party platforms for less than the strikethrough price.  (FAC ¶¶ 26-27.) Broomes also alleges that "Eloquii items are most commonly sold through Defendant's website."[2]  (*Id.* ¶ 29.)  Therefore, Broomes alleges, the perpetual on-sale price at which items are sold on Eloquii.com is the best evidence of prevailing market price.  (*Id.* ¶ 31.)

FullBeauty Brands responds that Broomes's limited examples of third-party pricing are insufficient to survive dismissal, and implies that evidence of pricing on Eloquii.com should be disregarded when considering a prevailing market price theory.  MTD at 9-11.  However, "in

---

[2] While Broomes makes this allegation on "information and belief," she provides additional support by explaining that "[i]f a consumer searches Google for 'Eloquii clothing,' the first organic hit is Eloquii.com and the first nine sponsored hits are articles of clothing at Eloquii.com."  (FAC ¶ 29.)

competitive markets, the actual prices offered by vendors selling the same item tend to converge on the market price." *People v. Superior Ct. (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 416-17 (2019). At the pleading stage, the Complaint's factual allegations that the majority of sales occurred through Eloquii.com and that FullBeauty Brands "advertised former prices were consistently higher than their actual prices supports the inference that those advertised prices were not the prevailing market prices during the requisite three-month period." *Id.* at 417; *see also Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO, 2016 WL 3268995, at *5 (N.D. Cal. June 15, 2016) (same).

In sum, Broomes has plausibly alleged that the products sold on Eloquii.com are perpetually listed as "on sale" and that the strikethrough price that she relied on when making her purchase did not represent either the former price at which the items had been sold or the prevailing market price of the item. Broomes's allegations are sufficient to infer that FullBeauty Brands' price advertising is likely to deceive a reasonable consumer into believing they are purchasing a discounted product. *See Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 WL 2830663, at *4-5 (N.D. Cal. Mar. 28, 2024). Comparable allegations in similar price advertising cases have routinely been found sufficient to survive a motion to dismiss, even under the heightened pleading standards of Rule 9(b). *See Vizcarra*, 710 F. Supp. 3d at 730 (plaintiff allegations of a "blanket pricing practice in which always-available coupons offer a perpetual discount of at least 20% off the 'regular' list prices of all items" stated a claim under the FAL, UCL, and CLRA); *Munning v. Gap, Inc.*, No. 16-cv-03804-TEH, 2016 WL 6393550, at *5 (N.D. Cal. Oct. 28, 2016) ("By alleging that products on Defendants' websites listed crossed-out prices followed by a percentage discount and a new price, Plaintiff has provided enough facts such that it is plausible a reasonable consumer could view the prices as being deceptive."). The same logic applies here.

## II.    FAL SECTION 17501 CLAIM

Section 17501 prohibits the adverting of a "former price" that is not the "the prevailing market price . . . within three months next immediately preceding the publication of the

advertisement." Cal. Bus. & Prof. Code § 17500. FullBeauty Brands argues that Broomes fails to allege with specificity the price of the items she purchased for the three months preceding the date of purchase. *See* Reply at 3. But such evidence is not required at the pleading stage where plaintiff has adequately alleged a scheme to advertise site-wide discounts. *See, e.g., Knapp*, 2016 WL 3268995, at *4 (allegations of "perpetual sales" were "sufficient to state a claim" under Section 17501). Plaintiff has sufficiently alleged a FAL claim under Section 17501.

## III.    FRAUD AND NEGLIGENT MISREPRESENTATION

Broomes's fraud and negligent misrepresentation claims (causes of action 4 and 6) survive for the same reasons described above. *See Crowder v. Shade Store, LLC*, No. 23-cv-02331-NC, 2024 WL 4868313, at *7-8 (N.D. Cal. June 26, 2024) (declining to dismiss intentional and negligent misrepresentations claims where plaintiff had adequately pled CLRA, FAL, and UCL claims). Broomes's allegations in support of her request for punitive damages are likewise sufficient at this stage. *See Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC, 2017 WL 4773426, at *9 (N.D. Cal. Oct. 23, 2017) (plaintiff's allegations that a company knew consumers would rely on its inaccurate labeling and pay more for the product as a result was sufficient to plead entitlement to punitive damages); *see also Crowder*, 2024 WL 4868313, at *10.

## IV.    EQUITABLE JURISDICTION

FullBeauty Brands contends that the Court does not have subject matter jurisdiction over Broomes's FAL, UCL, CLRA, and quasi-contract/unjust enrichment claims to the extent Broomes seeks equitable relief. MTD at 13-14. For a district court to have equitable jurisdiction, the plaintiff must have no adequate legal remedy. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA").

*Restitutionary Relief*. Broomes fails to plead in a non-conclusory fashion that she lacks an adequate legal remedy with respect to her restitutionary theories. (FAC ¶¶ 95, 110, 141.)

While Broomes makes the conclusory statement that "the standard, showing, and necessary elements" differ between the various claims she asserts, the Complaint fails to explain what those differences are or why they render a legal remedy unavailable.[3]  *Id.; see also Phillips*, 2024 WL 2830663, at *2 (dismissing claims for restitutionary relief for failure to adequately allege insufficiency of a legal remedy).  Therefore, Broomes unjust enrichment claim (fifth cause of action) is dismissed for lack of equitable jurisdiction.  Furthermore, to the extent Broomes's UCL, FAL, and CLRA claims seek restitution, this portion of each of the claims is dismissed on the same ground. The dismissal is with leave to amend and is without prejudice to Broomes's right to refile in state court.

*Injunctive relief*.  The Court retains equitable jurisdiction over Broomes's UCL, FAL, and CLRA claims to the extent they seek injunctive relief.  (FAC ¶¶ 97, 108, 114, 120.) Broomes alleges that the practices she complains of are ongoing.  (FAC ¶ 46.)  Furthermore, the Complaint states that while Broomes remains interested in purchasing FullBeauty Brands' products from Eloquii.com, absent injunctive relief she "cannot know whether Defendant's former . . . prices represent honest prices" or whether she would be overpaying.  (*Id.*)  Therefore, Broomes has sufficiently pled that retrospective monetary damages would be an inadequate remedy this ongoing harm, and the Court can exercise subject-matter jurisdiction over these claims.  *See Phillips*, 2024 WL 2830663, at *2; *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) ("Damages would compensate Zeiger for his past purchases.  An injunction would ensure that he (and other consumers) can rely on WellPet's representations in the future.").

## V.    CONCLUSION

The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** with leave to amend.  As currently pled, the surviving claims are the UCL, FAL, and CLRA claims for

---

[3] In opposition to dismissal, Broomes argues briefly that her burden of proof under FAL Section 17501 is more "objective" than under the CLRA, allegedly making legal remedies inadequate. Opp. at 14.  However, the Complaint does not contain any non-conclusory allegations to this effect.  (FAC ¶ 110.)

injunctive relief only (first, second, and third causes of action); the fraud claim (fourth cause of action); and the negligent misrepresentation claim (sixth cause of action).

  If Broomes wishes to file a second amended complaint correcting the deficiencies identified in this order, she shall do so by **February 21, 2025**.  Broomes may not add new causes of action or parties without leave of Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.  If Broomes does not file a second amended complaint by the deadline, the claims that were dismissed with leave to amend will remain dismissed, and the case will proceed on the remaining claims.

  **IT IS SO ORDERED.**

Dated: January 31, 2025

_____

RITA F. LIN
United States District Judge