UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BROOMES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FULLBEAUTY BRANDS OPERATIONS, LLC,<br><br>Defendant. | Case No. 24-cv-03558-RFL   (KAW)<br><br>**ORDER TERMINATING 9/3/2025 DISCOVERY LETTER**<br><br>Re: Dkt. No. 74 |

On September 3, 2025, the parties filed a joint discovery letter regarding Plaintiffs' interrogatories. (Discovery Letter, Dkt. No. 74.) One of Defendant's primary objections therein was whether discovery was appropriate given its then-pending motion to compel arbitration. (Discovery Letter at 3-4.) On December 11, 2025, the presiding judge resolved Defendant's motion to compel arbitration, finding that arbitration was required only as to one of the six named Plaintiffs. (*See* Dkt. No. 86 at 1, 9.) That same day, the case was referred to the undersigned for purposes of discovery. (Dkt. No. 87.)

The Court TERMINATES the discovery letter. Again, one of Defendant's primary objections was that discovery was not warranted because of the motion to compel arbitration. Defendant further stated that it was "amenable to supplementing its response" if litigation proceeded. (Discovery Letter at 5.) Thus, the Court ORDERS the parties to meet and confer as to whether Defendant's supplementation would resolve the discovery dispute.

To provide guidance as to the parties' meet and confer, the Court also notes that to the extent Plaintiffs are seeking discovery as to "all merchandise that has been offered and/or sold" on Eloquii.com, it is unclear why this scope is appropriate given that the class definition is limited to individuals who purchased Eloquii-branded items from Eloquii.com. (*See* Third Amend. Compl. ¶

150.)  While Plaintiffs argue that discovery should not be limited to products that they purchased, they fail to explain why products that are outside the class definition would be discoverable and proportionate to the needs of this case.  (*See* Discovery Letter at 2.)

Likewise, the interrogatories that seek nine to sixteen different types of information for every product (including one interrogatory that seeks twelve types of information for each day of the class period) appears to be improperly compound and would quickly exceed the 25-interrogatory limit.  *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR(JSC), 2014 WL 7188779 (N.D. Cal. Dec. 16, 2014) (finding that interrogatories which sought four types of information for twelve affirmative defenses needed to be "counted as separate interrogatories, and in so counting, Plaintiff has exceeded the 25 interrogatory limit").  Plaintiff does not address this issue except to assert that the information sought is relevant.  (*See* Discovery Letter at 2-3.)  The parties should explore whether such discovery is more appropriately dealt with other discovery devices rather than interrogatories.

If the parties are unable to resolve their issues, the parties shall file a joint discovery letter that complies with the Court's Standing Order.  (*See* Judge Westmore Standing Order ¶¶ 13-14.)

IT IS SO ORDERED.

Dated: December 17, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2